Toni J. Jaramilla, Esq. (SBN: 174625)
toni@tjjlaw.com
May Mallari, Esq. (SBN: 207167)
may@tjjlaw.com
**TONI JARAMILLA, A PROFESSIONAL LAW CORP.**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:  310.551.3020

Rodney S. Diggs, Esq. (SBN 274459)
*rdiggs@imwlaw.com*
Antonio K. Kizzie, Esq. (SBN 279719)
*akizzie@imwlaw.com*
Yalda Paydar, Esq. (SBN 326081)
*ypaydar@imwlaw.com*
**IVIE McNEILL WYATT PURCELL & DIGGS, APLC**
444 S. Flower St., Suite 1800
Los Angeles, CA  90071
Tel: (213) 489-0028; Fax: (213) 489-0552
Attorneys for Plaintiff,
**EUGENE MARTINDALE, III**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE MARTINDALE, III, an individual<br><br>        *Plaintiff,*<br><br>vs.<br><br>CITY OF LONG BEACH, a municipal entity, OFFICER JOSEPH JOHN CALISE, OFFICER JOEL CHRISTOPH JOHNSON, OFFICER BRAULIO IGNAC CARBAJAL, OFFICER FELICIANO REYES, JR., 7-ELEVEN, a business entity, TODD ANTHONY THORNTON and DOES 1-10, Inclusive.<br><br>        *Defendants.* | CASE NO.:  2:20-cv-9385<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. EXCESSIVE FORCE (42 U.S.C. § 1983)**<br>**2. DENIAL OF MEDICAL CARE (42 U.S.C. § 1983)**<br>**3. SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983)**<br>**4. UNLAWFUL SEIZURE-DETENTION- (42 U.S.C. § 1983)**<br>**5. UNLAWFUL SEIZURE-ARREST- (42 U.S.C. § 1983)**<br>**6. VIOLATION OF RIGHT TO EQUAL PROTECTION- 14th** |

AMENDMENT/42 U.S.C. § 1983
7. **MONELL LIABILITY— RATIFICATION (42 U.S.C. § 1983)**
8. **MONELL LIABILITY— INADEQUATE TRAINING (42 U.S.C. § 1983)**
9. **MONELL LIABILITY— UNCONSTITUTIONAL CUSTOM, PRACTICE, POLICY (42 U.S.C. § 1983)**
10. **BATTERY/ASSAULT- (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43**
11. **NEGLIGENCE- NEGLIGENT ENTRUSTMENT, HIRING, SUPERVISION, AND/OR RETENTION (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43)**
12. **VIOLATION OF THE BANE ACT (CAL. CIV. § 52. 1)**
13. **VIOLATION OF THE RALPH ACT (CAL. CIV. § 51. 7)**
14. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**DEMAND FOR JURY TRIAL**

COMES NOW PLAINTIFF EUGENE MARTINDALE, III, individually, ("PLAINTIFF"), who alleges as follows:

## INTRODUCTION

1.      This civil rights action seeks compensatory and punitive damages from Defendants THE CITY OF LONG BEACH ("CITY") and individual

defendants, OFFICER JOSEPH JOHN CALISE, OFFICER JOEL CHRISOPH JOHNSON, OFFICER BRAULIO IGNAC CARBAJAL, OFFICER FELICIANO REYES, JR., as well as 7-ELEVEN and its agent, ANTHONY THORNTON, an individual, and DOES 1-10, Inclusive, ("DEFENDANTS," collectively) for violating various rights under the United States Constitution and state law in connection with Defendants' egregious and unlawful February 15, 2020 beating of MR. EUGENE MARTINDALE, III ("PLAINTIFF") resulting in unlawful violation of Plaintiff's constitutional rights, in addition to Plaintiff's serious, ongoing mental, physical, and emotional damages, pain and suffering in an amount to be determined at trial.

## JURISDICTION AND VENUE

2.     Venue and jurisdiction is proper in this Court because the parties reside in and all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, California.

3.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) (3)-(4) because this civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the First, Fourth and Fourteenth Amendments of the United States Constitutions.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

4.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because

Defendants are believed to reside in this District and all incidents, events, and occurrences giving rise to this action occurred in this district.

## **PARTIES**

5.      At all relevant times herein, MR. EUGENE MARTINDALE, III, an individual, ("PLAINTIFF" or "MARTINDALE") was an individual residing in or near the City of Long Beach, California in the County of Los Angeles.

6.      At all relevant times herein, Defendant CITY OF LONG BEACH (hereinafter "CITY") was an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY had possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY OF LONG BEACH Police Department, and its tactics, methods, practices, customs and usage. At all relevant times, CITY OF LONG BEACH was the employer of Defendants DOES 1-10 who were CITY OF LONG BEACH deputies, police officers, managerial, supervisorial, and policymaking employees of CITY OF LONG BEACH Police Department.

7.      At all times mentioned herein and material hereto, Defendant OFFICER JOSEPH JOHN CALISE was engaged in law enforcement as a police officer of Defendant CITY, duly employed as a police officer or sheriff's deputy by the CITY OF LONG BEACH Police Department, who were acting in the course and scope of his employment all times relevant to the acts and omissions

herein alleged.

8.     At all times mentioned herein and material hereto, Defendant OFFICER BRAULIO IGNAC CARBAJAL was engaged in law enforcement as a police officer of Defendant CITY, duly employed as a police officer or sheriff's deputy by the CITY OF LONG BEACH Police Department, who were acting in the course and scope of his employment at all times relevant to the acts and omissions herein alleged.

9.     At all times mentioned herein and material hereto, Defendant OFFICER FELICIANO REYES, JR. was engaged in law enforcement as a police officer of Defendant CITY, duly employed as a police officer or sheriff's deputy by the CITY OF LONG BEACH Police Department, who were acting in the course and scope of his employment all times relevant to the acts and omissions herein alleged.

10.     At all times mentioned herein and material hereto, Defendant OFFICER JOEL CRISTOPH JOHNSON was engaged in law enforcement as a police officer of Defendant CITY, duly employed as a police officer or sheriff's deputy by the CITY OF LONG BEACH Police Department, who were acting in the course and scope of his employment at all times relevant to the acts and omissions herein alleged.

11.     At all relevant times herein, Defendant 7-ELEVEN is a private business, a convenient store, duly authorized and existing as such in and under the

laws of the State of California.  At all relevant times, defendant 7-ELEVEN was the employer of defendant Todd Anthony Thornton (THORNTON) who was acting in the course and scope of his employment at all times relevant to the acts and omissions herein alleged.

12.     At all times mentioned herein and material hereto, Defendant Todd Anthony Thornton (THORNTON) was employed by defendant 7-ELEVEN, providing it security services on a regular basis.  He also performs other duties for 7-ELEVEN by mopping, throwing out trash and sweeping.  He was acting in the course and scope of his employment at all times relevant to the acts and omissions herein alleged.

13.     At all times mentioned herein and material hereto, Defendant DOES 1-10, individuals, ("DOES") were engaged in law enforcement as a police officer, deputy sergeant, captain, and lieutenant, and/or civilian employee, agent and representative of Defendant CITY, duly employed as a police officer or sheriff's deputy by the CITY OF LONG BEACH Police Department, who were acting in the course and scope of his employment all times relevant to the acts and omissions herein alleged.

14.     Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them. Plaintiff is informed, believe, and thereon allege that

these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

15.     Each of the individual Defendants sued herein is sued both in his or her individual and personal capacity, as well as in his or her official capacity.

16.     On information and belief, at all relevant times, Defendant DOES 1-10 were residents of the COUNTY OF LOS ANGELES, California.

17.     At all relevant times, Defendant DOES 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as sheriff's deputies and/or police officers within the complete authority and ratification of their principal, Defendant CITY.

18.     At all relevant times, Defendants DOES 1-10 were duly appointed deputies/officers and/or employees or agents of Defendant CITY, subject to

oversight and supervision by Defendant CITY's elected and non-elected officials.

19.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of Defendant CITY.

20.     At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

21.     At all relevant times, Defendants DOES 1-10 were working for Defendant CITY as police officers.

22.     Plaintiff filed a comprehensive and timely Claim for Damages ("Claim") with DEFENDANT CITY OF LONG BEACH pursuant to applicable sections in the California Government Code and California Civil Code.

23.     Plaintiff's claims with Defendant CITY were rejected.

24.     Accordingly, Plaintiff has timely complied with all relevant and applicable statutes of limitations and claims filing requirements to assert causes of action against the herein Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

25.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26.     MARTINDALE resides in or near the City of Long Beach, CA.  He is African American and has a mental disability which at times causes him to seek assistance from bystanders to call his father to pick him up.  MARTINDALE does not know how to drive a vehicle nor does he have a driver's license to operate a vehicle.  His mode of transportation is either walking, skateboarding or bicycling.

27.     On February 15, 2020 MARTINDALE was desperately trying to find someone to help him, by going to occupied vehicles with the intent to ask the person to call his father from their cell phone.  MARTINDALE approached a vehicle that was parked directly in front of defendant 7-ELEVEN to see if a person was inside who could help him.  Defendant THORNTON, incorrectly assumed that MARTINDALE was trying to steal the car, but MARTINDALE does not drive, does not know how to drive, and does not have a driver's license. THORNTON yelled at MARTINDALE to get away from the vehicle.  MARTINDALE walked away and headed towards the 7-ELEVEN property.  THORNTON told MARTINDALE that the police was called in which MARTINDALE asked him if he could call his father for him.  MARTINDALE provided THORNTON with the first 3 digits of his father's cell phone number, but forgot the rest at that moment.

28.     MARTINDALE approached the entrance of the 7-ELEVEN when THORNTON asked him to leave and brandished his personal hand-help taser and triggered it to scare MARTINDALE away.   MARTINDALE did not immediately leave, so THORNTON pressed the taser againt MARTINDALE's back and

stunned him.  MARTINDALE, frightened, ran out and headed towards a Long

Beach Parking Enforcement vehicle for help.

Parking Enforcement Officer Sanchez was sitting inside his Parking Enforcement

vehicle (clearly marked).  MARTINDALE pleaded with Officer Sanchez, "*Call

911, I need help!*" MARTINDALE tried to open the passenger side door, yelling

"*Call 911, I need help!*"  He repeated his cry for help approximately 3 more times.

MARTINDALE went to the driver's side of the vehicle and reached into the

window, begging for Officer Sanchez to help him.  THORNTON ran to

MARTINDALE and tased him again, causing MARTINDALE to fall to his knees.

  29. CITY OF LONG BEACH Police Officers arrived at the scene,

including Defendants JOHNSON, CALISE, CABAJAL, and REYES.  It was

obvious from his behavior and demeanor that MARTINDALE had a mental

condition that needed medical attention immediately.

  30. Defendants ordered MARTINDALE to get down on the ground.

MARTINDALE was obedient and compliant. MARTINDALE raised his hands in

the air in a "surrender" gesture, showing that he had no weapons and that he would

comply with commands.  He immediately laid down on his stomach when told to

get down on the ground.  Defendant CALISE mounted MARTINDALE's mid-

back area while MARTINDALE was already on the ground, stomach flat on the

ground.  Defendant JOHNSON ordered MARTINDALE to put his hands behind

his back, to which MARTNIDALE obeyed.  Defendant CALISE began to place

handcuffs on MARTINDALE. Defendant JOHNSON was on top of MARTINDALE's legs, holding them down.  Defendant THORNTON, who is not even a law enforcement officer, but rather the 7-ELEVEN employee, went to hold down MARTINDALE's legs with JOHNSON. Defendant REYES took control of MARTINDALE's left arm.  Defendant CARBAJAL went to the right side of MARTINDALE to get ahold of his right arm to handcuff him.  MARTINDALE yelled, "***Please do not kill me!***"

31.     Defendant JOHNSON yelled ***"I'm going to tase you!  I'm going to tase you!"*** and then placed MARTINDALE in a wrist-lock.  MARTINDALE stated "***I'm not trying to resist!***"

32.     At some point, Defendant CALISE pinned MARTINDALE down and wrapped his arms around MARTINDALE's neck and applied the carotid control hold (CHOKE HOLD).

33.     Defendant JOHNSON took his baton and swung violently at MARTINDALE'S legs, at least 12 strikes as the remaining DEFENDANTS pinned MARTINDALE down.  MARTINDALE yelled ***"I can't breath!"***  After he was cuffed, MARTINDALE, lying on his stomach, cried "**I can't breath!**"

34.     Upon information and belief, when Defendants, JOHNSON, CALISE, REYES, and CARBAJAL who were employed as police officers of the Defendant CITY OF LONG BEACH and THORNTON, employed by 7-ELEVEN with no restraint training whatsoever, interacted with MARTINDALE, they had no

information that MARTINDALE had threatened or was a threat to anyone or had committed any crime. Upon information and belief, Defendants had no information sufficient to establish reasonable suspicion to detain MARTINDALE and/or probable cause to suspect that MARTINDALE had engaged, was engaging, or was about to engage in any crime.  Rather, he was a man in distress, searching for anyone to help him.

35.    Upon information and belief, it was apparent or should have been apparent to all Defendants that MARTINDALE was mentally ill and in need of medical treatment and medical assistance.

36.    Contrary to Defendants JOHNSON, CALISE, REYES, and CARBAJAL's training, including training regarding appropriate use of force and engaging mentally ill citizens, they negligently assessed the circumstances presented to them, and then violently confronted MARTINDALE purposely or negligently unnecessarily aggravating and escalating the situation before them.

37.    Without warning, all Defendants proceeded to assault and batter MARTINDALE by acts which included, but were not limited to, repeatedly and unjustifiably beating MARTINDALE with their officer issued batons, placing him in a choke hold, placing him in a wrist lock, pinning MARTINDALE down with their full body weight, holding him down so he could not breath and begged for his life, and THORNTON tasing him twice.

38.    Following the beating, the involved Defendants denied medical care

to MARTINDALE in a manner that demonstrated deliberate indifference to his constitutional rights.

39.      At no time during the course of these events did MARTINDALE pose any reasonable or credible threat of death or serious bodily injury to Defendants, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was mercilessly beaten, MARTINDALE posed no immediate threat of death or serious bodily injury to Defendants nor to any other individual and committed no crime.

40.      Both prior to and during the time in which he was beaten, MARTINDALE made no aggressive movements, no furtive gestures, never pointed a weapon at any Defendants, and made no physical movements which would suggest to a reasonable Sheriff's deputy or police officer that he had the will, or the ability to inflict bodily harm against any individual.

41.      Both prior to and during the time in which Defendants beat MARTINDALE, Defendants were not faced with any circumstances which would have led a reasonable police officer to believe that MR. MARTINDALE posed an immediate threat of death or bodily injury to any person.

42.      Despite the aforementioned conduct, Defendant CITY and Defendant 7-ELEVEN ratified, acquiesced, or otherwise turned a blind eye to Defendants' JOHNSON, REYES, CALISE, CARBAJAL, and THORNTON's misconduct, and

allowed Defendants to remain a police officers with Defendant CITY and THORNTON, as employee of 7-ELEVEN, which was a substantial and proximate cause of this incident and Plaintiff's damages. Upon information and belief, Defendants displayed and acted with racial animus against MARTINDALE in using force in retaliation for and/or to prevent him from exercising his rights to free speech and to be free from excessive force.

43.    As a result of DEFENANTS aforementioned misconduct, Plaintiff claims and is entitled to damages for past, current and ongoing economic and noneconomic damages including, but not limited to, extreme and severe emotional distress, mental, physical, and emotional pain and suffering/damages, anguish, pain, and loss of income, all in a sum to be determined at trial.

44.    As to the individual Defendants and Defendant, 7-ELEVEN, he will seek punitive damages as well.

## FIRST CAUSE OF ACTION

### EXCESSIVE FORCE (42 U.S.C. § 1983)

### (Against all Defendants)

45.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

46.    On February 15, 2020 at approximately 3:15 p.m., MARTINDALE was not armed with any weapon or a threat to anyone nor engaging in any crime.

47.     Upon information and belief, when Defendants REYES, JOHNSON, CALISE, and CARJABAJAL were employed as police officers of the Defendant CITY OF LONG BEACH and THORNTON employed by 7-ELEVEN interacted with MARTINDALE, they had no information that MARTINDALE had threatened or was a threat to anyone or had committed any crime. Upon information and belief, Defendants had no information sufficient to establish reasonable suspicion to detain MARTINDALE and/or probable cause to suspect that MARTINDALE had engaged, was engaging, or was about to engage in any crime.

48.     Upon information and belief, it was apparent or should have been apparent to all Defendants, that MARTINDALE was mentally ill and in need of medical treatment and medical assistance.

49.     Upon information and belief and contrary to Defendants' training, including training regarding appropriate use of force and engaging mentally ill citizens, they negligently assessed the circumstances presented to them, and then violently confronted MARTINDALE purposely or negligently unnecessarily aggravating and escalating the situation before them.

50.     Without warning, Defendants proceeded to assault and batter MARTINDALE by acts which included, but were not limited to, repeatedly and unjustifiably beating MARTINDALE with their officer issued batons, placing him in a choke hold, asserting a wrist lock, pinning his body down with full body

weight, and tasing him twice.

51.     Following the beating, Defendants denied medical care to MARTINDALE in a manner that demonstrated deliberate indifference to his constitutional rights.

52.      At no time during the course of these events did MARTINDALE pose any reasonable or credible threat of death or serious bodily injury to Defendant DOES, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was mercilessly beaten, MARTINDALE posed no immediate threat of death or serious bodily injury to Defendants, nor to any other individual and committed no crime.

53.     Both prior to and during the time in which he was beaten, MRMARTINDALE made no aggressive movements, no furtive gestures, never pointed a weapon at any Defendants, and made no physical movements which would suggest to a reasonable sheriff's deputy or police officer that he had the will, or the ability to inflict bodily harm against any individual.

54.     Both prior to and during the time in which Defendants beat, choked, tasered, and pinned down MARTINDALE, Defendants were not faced with any circumstances which would have led a reasonable police officer to believe that MARTINDALE posed an immediate threat of death or bodily injury to any person.

55.     Despite the aforementioned conduct, Defendant CITY and Defendant

16

7-ELEVEN ratified, acquiesced, or otherwise turned a blind eye to Defendants REYES, JOHNSON, CALISE, CARBAJAL, and THORNTON's misconduct, and allowed Defendans to remain a police officers with Defendant CITY and as to THORNTON, an employee of 7-ELEVEN , which was a substantial and proximate cause of this incident and Plaintiff's damages. Upon information and belief, Defendants displayed and acted with racial animus against MARTINDALE in using force in retaliation for and/or to prevent him from exercising his rights to free speech and to be free from excessive force.

56.     As a result of Defemdants' aforementioned misconduct, Plaintiff claims and is entitled to damages for past, current and ongoing economic and noneconomic damages including, but not limited to, extreme and severe emotional distress, mental, physical, and emotional pain and suffering/damages, anguish, pain, and loss of income, all in a sum to be determined at trial.

57.     The conduct of REYES, JOHNSON, CALISE, CARBAJAL, THORNTON, and 7-ELEVEN was willful, wanton, malicious, and done with reckless disregard for the rights and safety of MARTINDALE and therefore warrants the imposition of exemplary and punitive damages as to each and every aforementioned Defendant.

58.     Plaintiff also seeks and is entitled to reasonable attorneys' fees under this claim pursuant to 42 U.S.C. § 1988.

/ / /

17

## SECOND CAUSE OF ACTION

### DENIAL OF MEDICAL CARE (42 U.S.C. § 1983)

### (Against all Defendants)

59.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 58 of this Complaint with the same force and effect as if fully set forth herein.

60.     At all times relevant to the acts and omissions herein alleged, Defendants REYES, JOHNSON, CALISE, and CARBAJAL were employed by the Defendant CITY as law enforcement officers, and were acting under color of law and in the course and scope of their employment with the CITY's Police Department.  Defendant THORNTON was employed by Defendant 7-ELEVEN and ws acting in the course and scope of his employment with 7-ELEVEN as a security guard.

61.     Upon information and belief, when Defendants REYES, JOHNSON, CALISE, and CARBAJAL were employed as police officers of the Defendant CITY OF LONG BEACH, arrived they had no information that MARTINDALE had threatened or was a threat to anyone or had committed any crime. Upon information and belief, Defendants had no information sufficient to establish reasonable suspicion to detain MARTINDALE  and/or probable cause to suspect that MARTINDALE  had engaged, was engaging, or was about to engage in any crime.  Likewise, THRONTON as a security guard for 7-ELEVEN, had no

reasonable suspicion that MARTINDALE had threatened or was a threat to anyone or had committed any crime.

62.     Upon information and belief, it was apparent or should have been apparent to Defendants that MARTINDALE  was mentally ill and in need of medical treatment and medical assistance.

63.     Upon information and belief and contrary to Defendants' training, including training regarding appropriate use of deadly force and engaging mentally ill citizens, they negligently assessed the circumstances presented to them, and then violently confronted MARTINDALE  purposely or negligently unnecessarily aggravating and escalating the situation before them.

64.     Without warning, Defendants proceeded to assault and batter PLAINTIFF by acts which included, but were not limited to, repeatedly and unjustifiably beating MARTINDALE with their batons, placing him in a choke hold, placing him in a wrist lock, pinning his body down with full body weight, and tasing him at least twice.

65.     Following the beating, the involved Defendants denied medical care to MARTINDALE  in a manner that demonstrated deliberate indifference to his constitutional rights.

66.     At no time during the course of these events did MARTINDALE pose any reasonable or credible threat of death or serious bodily injury to Defendants, nor did he do anything to justify the force used against him, and the

same was excessive, unnecessary, and unlawful. Both prior to and during the time in which he was beaten, MARTINDALE  posed no immediate threat of death or serious bodily injury to Defendant DOES, nor to any other individual.

67.    Both prior to and during the time in which he was beaten, MARTINDALE  made no aggressive movements, no furtive gestures, never pointed a weapon at any Defendant, and made no physical movements which would suggest to a reasonable Sheriff's deputy or police office that he had the will, or the ability to inflict bodily harm against any individual.

68.    Both prior to and during the time in which Defendants beat MARTINDALE , Defendants were not faced with any circumstances which would have led a reasonable Sheriff's deputy to believe that MARTINDALE  posed an immediate threat of death or bodily injury to any person.

69.    Following the aforementioned conduct, Defendants knew or should have known that failure to provide timely medical treatment to MARTINDALE could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need demonstrating deliberate indifference and delayed and/or prevented medical providers from providing treatment to MARTINDALE, causing him further great bodily harm and pain.

70.    As a result, MARTINDALE suffered severe and ongoing mental, physical, and emotional pain and suffering including, but not limited to, physical pain, grief, anguish, fear, anxiety, trauma, loss of enjoyment of life, etc. in an

amount according to proof at trial.

71.     As a result of the misconduct of Defendants, they are liable for MARTINDALE's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

72.     As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing beating of MARTINDALE , Plaintiff has incurred medical expenses in an amount according to proof at trial.

73.     Defendants REYES, JOHNSON, CALISE, CARBAJAL, THORNTON, and 7-ELEVEN were willful, wanton, malicious, and done with reckless disregard for the rights and safety of MARTINDALE and therefore warrants the imposition of exemplary and punitive damages as to each and every aforementioned Defendant.

74.     Plaintiff also seeks and is entitled to reasonable attorneys' fees under this claim pursuant to 42 U.S.C. § 1988.

## **THIRD CAUSE OF ACTION**

### **SUBSTANTIVE DUE PROCESS - 42 U.S.C. § 1983**

### **(Against ALL Defendants)**

75.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 74 of this Complaint with the same force and effect as if fully set forth herein.

76.     At all times relevant to the acts and omissions herein alleged, Defendants REYES, JOHNSON, CALISE, and CARBAJAL were employed by the Defendant CITY as law enforcement officers, and were acting under color of law and in the course and scope of their employment with the DEFENDANT CITY OF LONG BEACH Police Department.  THORNTON was employed by 7-ELEVEN and was acting in the course and scope of his employment as its regular security guard.

77.     On February 15, 2020 at approximately, MARTINDALE was not armed with any weapon or a threat to anyone nor engaging in any crime.

78.     Upon information and belief, when Defendants REYES, JOHNSON, CALISE, and CARBAJAL, who were employed as police officers of the Defendant CITY OF LONG BEACH and THORNTON as a security guard for 7-ELEVEN, interacted with MARTINDALE, they had no information that MARTINDALE had threatened or was a threat to anyone or had committed any crime. Upon information and belief, Defendants had no information sufficient to establish reasonable suspicion to detain MARTINDALE and/or probable cause to suspect that MARTINDALE had engaged, was engaging, or was about to engage in any crime.

79.     Upon information and belief, it was apparent or should have been apparent to Defendants that MARTINDALE was mentally ill and in need of medical treatment and medical assistance.

80.     Upon information and belief and contrary to Defendants' training, including training regarding appropriate use of force and engaging mentally ill citizens, they negligently assessed the circumstances presented to them, and then violently confronted MARTINDALE purposely or negligently unnecessarily aggravating and escalating the situation before them.

81.     Without warning, Defendant DOES proceeded to assault and batter MARTINDALE by acts which included, but were not limited to, repeatedly and unjustifiably beating MARTINDALE with their officer issued batons, placing him in a choke hold, placing him in a wrist lock, pinning his body down with full body weight, and tasing him at least twice.

82.     Following the beating, the involved Defendants denied medical care to  MARTINDALE in a manner that demonstrated deliberate indifference to his constitutional rights.

83.      At no time during the course of these events did MARTINDALE pose any reasonable or credible threat of death or serious bodily injury to Defendants, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was mercilessly beaten, MARTINDALE posed no immediate threat of death or serious bodily injury to Defendant DOES, nor to any other individual and committed no crime.

84.     Both prior to and during the time in which he was beaten,

MARTINDALE made no aggressive movements, no furtive gestures, never pointed a weapon at any Defendants, and made no physical movements which would suggest to a reasonable Sheriff's deputy or police officer that he had the will, or the ability to inflict bodily harm against any individual.

85.    Both prior to and during the time in which Defendants beat MARTINDALE, Defendats were not faced with any circumstances which would have led a reasonable police officer to believe that MARTINDALE posed an immediate threat of death or bodily injury to any person.

86.    Despite the aforementioned conduct, Defendant CITY and Defendant 7-ELEVEN ratified, acquiesced, or otherwise turned a blind eye to their respective employees, Defendants REYES, JOHNSON, CALISE, CARBAJAL, and THORNTON'S misconduct, and allowed Defendants to remain a police officers with Defendant CITY, and as to THROTNTON, a security guard with 7-ELEVEN which was a substantial and proximate cause of this incident and Plaintiff's damages. Upon information and belief, Defendants displayed and acted with racial animus against MARTINDALE in using force in retaliation for and/or to prevent him from exercising his rights to free speech and to be free from excessive force.

87.    As a result of Defendants' aforementioned misconduct, Plaintiff claims and is entitled to damages for past, current and ongoing economic and noneconomic damages including, but not limited to, extreme and severe emotional distress, mental, physical, and emotional pain and suffering/damages, anguish,

pain, and loss of income, all in a sum to be determined at trial.

88.     The conduct of Defendants REYES, JOHNSON, CALISE, CARBAJAL, THORNTON, and 7-ELEVEN was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to each and every aforementioned Defendant.

89.     Following the beating, the involved Defendants denied medical care to MARTINDALE  in a manner that demonstrated deliberate indifference to his constitutional rights. At no time during the course of these events did MARTINDALE  pose any reasonable or credible threat of death or serious bodily injury to Defendants, nor did he do anything to justify the force used against him, and the same was excessive, unnecessary and unlawful.

90.     At all relevant times herein, Defendants were faced with circumstances that allowed time for actual deliberation, and acted with deliberate indifference to the constitutional rights of MARTINDALE  and Plaintiff and/or with a purpose to harm unrelated to any legitimate law enforcement objective and in a manner that shocks the conscience when they used excessive force against MARTINDALE.

91.     As a result, Defendants deprived Plaintiff of the rights, privileges, and/or immunities secured to him by the Fourteenth Amendment to the Constitution of the United States and the laws of the United States, including, but

not limited to, Plaintiff's right to substantive due process and privacy.

92.     Plaintiff is informed, believes, and thereupon alleges that in committing the acts and omissions described in this Complaint, Defendants acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against REYES, JOHNSON, CALISE, CARBAJAL, THORNTON, 7-ELEVEN in an amount to be proven at the trial of this matter.

93.     As a direct and proximate result of the wrongful acts and omissions of Defendants, MARTINDALE was beaten and incurred medical expenses in an amount according to proof at trial.

94.     As a further direct and proximate result of the wrongful acts and omissions of Defendants, Plaintiff has suffered and will continue to suffer extreme and severe emotional distress, mental anguish, and pain, all to his damage in a sum to be determined at trial.

95.     Plaintiff is entitled to and hereby demand costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

/ / /

/ / /

26

## FOURTH CAUSE OF ACTION

### UNLAWFUL SEIZURE- DETENTION- (42 U.S.C. § 1983)

### (Against all Defendants)

96.     Plaintiff repeats and reallege each and every allegation in paragraphs 1 through 95 of this Complaint with the same force and effect as if fully set forth herein.

97.     At all times relevant to the acts and omissions herein alleged, Defendants REYES, JOHNSON, CALISE, CARBAJAL were employed by the Defendant CITY OF LONG BEACH as law enforcement officers, and were acting under color of law and in the course and scope of their employment with the CITY OF LONG BEACH Police Department.  Defendant THORNTON was employed by defendant 7-ELEVEN as a security guard.

98.     At all times relevant herein, MARTINDALE  had a constitutionally afforded right against unlawful detentions which are unreasonable due to no reasonable suspicion that MARTINDALE  committed any crime and/or unreasonable in time and/or manner which are unnecessarily painful, degrading, harmful, intrusive, or prolonged.

99.     Upon information and belief, when Defendants, who were employed as police officers of the Defendant CITY OF LONG BEACH, arrived they had no information that MARTINDALE  had threatened or was a threat to anyone or had committed any crime. Upon information and belief, Defendants had no information

sufficient to establish reasonable suspicion to detain MARTINDALE and/or

probable cause to suspect that MARTINDALE had engaged, was engaging, or

was about to engage in any crime.

100.   Upon information and belief in the instant case, MARTINDALE's

detention was unlawful because it was unreasonable in time and/or manner

unnecessarily painful, degrading, harmful, intrusive, humiliating, prolonged, and

not justified under the circumstances.

101.   Upon information and belief, the Defendants unreasonably detained

MARTINDALE in a fearsome, degrading, prolonged, intimidating, intrusive, and

embarrassing manner despite no reasonable belief that MR. MARTINDALE was

armed, verbally or physically resisting them, attempting to flee or a threat of death

or serious bodily harm to the Defendants. This use of force and authority made it

clear that MARTINDALE was not free to go and was instead being detained as a

criminal when MARTINDALE committed no crime.

102.   The aforementioned facts of MARTINDALE's unreasonable

detention and search directly and proximately caused MARTINDALE's general

and special damages in an amount to be determined at trial.

103.   The conduct of Defendants REYES, JOHNSON, CALISE,

CARBAJAL, THORNTON and 7-ELEVEN was willful, wanton, malicious, and

done with reckless disregard for the rights and safety of MARTINDALE and,

therefore, warrants the imposition of exemplary and punitive damages as to each

and every aforementioned Defendant.

104.   Accordingly, Defendants and each are liable to Plaintiff for compensatory damages, costs and attorneys' fees under 42 U.S.C. § 1988.

## FIFTH CAUSE OF ACTION

## UNLAWFUL SEIZURE- ARREST- (42 U.S.C. § 1983)

## (Against all Defendants)

105.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 104 of this Complaint with the same force and effect as if fully set forth herein.

106.   At all times relevant to the acts and omissions herein alleged, Defendants REYES, JOHNSON, CALISE, CARBAJAL were employed by the Defendant CITY OF LONG BEACH as law enforcement officers,  and THORNTON was employed by Defendant 7-ELEVEN as its security guard, and were acting under color of law and in the course and scope of their employment with the CITY OF LONG BEACH POLICE Department.

107.   At all times relevant herein, MARTINDALE  had a constitutionally afforded right against unlawful arrests based on no objective probable cause that MARTINDALE  committed any crime.

108.   Upon information and belief in the instant case, MARTINDALE'S arrest was unlawful because MARTINDALE committed no crime and Defendants had no objectively reasonable probable cause that MARTINDALE committed or

was committing any crime.

109.   The aforementioned facts of MARTINDALE'S unlawful arrest directly and proximately caused MARTINDALE  general and special damages in an amount to be determined.

110.   The conduct of Defendnats REYES, JOHNSON, CALISE, CARBAJAL, THORNTON, and 7-ELEVEN was willful, wanton, malicious, and done with reckless disregard for the rights and safety of MARTINDALE  and, therefore, warrants the imposition of exemplary and punitive damages as to each and every aforementioned Defendant.

111.   Accordingly, Defendants each are liable to Plaintiff for compensatory damages, costs and attorneys' fees under 42 U.S.C. § 1988.

## SIXTH CAUSE OF ACTION

**VIOLATION OF RIGHT TO EQUAL PROTECTION- 14th AMENDMENT-**

**(42 U.S.C. § 1983)**

**(Against all Defendants)**

112.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 111 of this Complaint with the same force and effect as if fully set forth herein.

113.   At all times relevant to the acts and omissions herein alleged, Defendants REYES, JOHNSON, CALISE, CARBAJAL were employed by the Defendant CITY OF LONG BEACH as law enforcement officers, and

THORNTON was employed by Defendant 7-ELEVEN as its security guard, and were acting under color of law and in the course and scope of their employment with the CITY OF LONG BEACH POLICE Department and 7-ELEVEN respectively.

114.   At all times relevant herein, MARTINDALE had a right to equal protection under the law as afforded and provided by the Fourteenth Amendment and protected by the same and 42 U.S.C. § 1983.

115.   Upon information and belief, Defendants and Defendants 1-10, Inclusive chose to use and/or used excessive force against and/or otherwise violated MARTINDALE 'S rights and treated MARTINDALE  differently in retaliation for MARTINDALE ' exercising of their right to be free of excessive force, police misconduct, liberty and free movement.

116.   Upon information and belief, a substantial and motivating reason for Defendnats use of excessive force, unlawful detention and unlawful arrest was due to their being emboldened to commit misconduct to misuse and abusing their authority or power by taking advantage of some weakness or disability or misfortune of the Plaintiff because of MARTINDALE's age, race, national origin, clear and apparent vulnerability due to his mental illness in reckless disregard of MARTINDALE'S rights, accompanied by ill will or spite, and was executed with unnecessary harshness or severity warranting punitive damages.

117.   Upon information and belief, Defendants have prior complaints and

history of using excessive force, engaging in dishonesty and conduct indicative of racial prejudice and bias.

118.   Despite the aforementioned conduct, Defendant CITY ratified, acquiesced, or otherwise turned a blind eye to such misconduct, and allowed Defendants REYES, JOHNSON, CALISE, CARBAJAL to remain a Police Officer with Defendant CITY, which was a substantial and proximate cause of this incident and MR. MARTINDALE's damages.  Defendant 7-ELEVEN  ratified, acquiesced, or otherwise turned a blind eye to such misconduct, and allowed Defendant THORNTON to remain a security guard with Defendant 7-ELEVEN, which was a substantial and proximate cause of this incident and MARTINDALE's damages.

119.   The conduct of Defendants' willful, wanton, malicious, and with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendnats REYES, JOHNSON, CALISE, CARBAJAL, THORNTON, and 7-ELEVEN.

120.   As a result of their misconduct, Defendants are liable for PLAINTIFF'S physical, mental, and emotional injuries, either because they were integral participants in the excessive force and equal protection deprivation, or because they failed to intervene to prevent these violations.

121.   The aforementioned acts and omissions of Defendants and each of them, were a direct and proximate cause of which warrant the awarding of

compensatory and special damages in a sum according to proof. Plaintiff also seek

costs and attorney's fees as provided by 42 U.S.C. § 1988.

## SEVENTH CAUSE OF ACTION

### MUNCIPAL LIABILITY-42 U.S.C. § 1983- RATIFICATION

### (Against Defendant CITY, and DOES 1-10)

122.   Plaintiff repeats and re-allege each and every allegation in paragraphs

1 through 121 of this Complaint with the same force and effect as if fully set forth

herein.

123.   DEFENDANTS REYES, JOHNSON, CALISE, CARBAJAL acted

under color of law with authority as law enforcement officers from Defendant

CITY.

124.   The acts of Defendants deprived PLAINTIFF of his particular rights

under the United States Constitution and aforementioned statutes.

125.   Upon information and belief, a final policymaker, acting under color

of law, who had final policymaking authority concerning the acts of

DEFENDANT DOES 1-10, inclusive, ratified (or will ratify DEFENDANTS' acts

and the bases for them. Upon information and belief, the final policymaker knew

of and specifically approved of (or will specifically approve of) the acts of these

defendants.

126.   Upon information and belief, a final policy maker determined

DEFENDANTS' unconstitutional actions were "within policy" and ratified their

acts alleged herein.

127.   By reason of the aforementioned acts and omissions, PLAINTIFF has suffered and hereby claims past and ongoing economic and noneconomic mental, physical, and emotional pain and suffering/damages.

128.   Accordingly, Defendant CITY is directly liable to Plaintifff for compensatory damages under 42 U.S.C. § 1983.

129.   Plaintiff also seeks attorneys' fees under 42 U.S.C. § 1988 as to this claim.

## EIGHTH CAUSES OF ACTION

**MUNCIPAL LIABILITY- INADEQUATE TRAINING (42 U.S.C. § 1983)**

**(Against Defendant CITY and DOES 1-10)**

130.   Plaintiff repeat and re-alleges each and every allegation in paragraphs 1 through 129 of this Complaint with the same force and effect as if fully set forth herein.

131.   DEFENDANT DOES 1-10, inclusive, acted under color of law with authority as law enforcement officers from Defendant CITY.

132.   The acts of DEFENDANT DOES 1-10, inclusive deprived PLAINTIFF of his particular rights under the United States Constitution and aforementioned statutes.

133.   Upon information and belief, the training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations

with which they must deal, especially as it relates to de-escalating situations involving mentally-ill persons.

134.   Upon information and belief, Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately as it relates to de-escalating situations involving mentally-ill persons, so much so that resources meant to handle such situations were purposely or carelessly under-funded and under-staffed.

135.   Upon information and belief, the failure of Defendant CITY to provide adequate training caused the deprivation of the plaintiff's rights by DEFENDANTS; that is, the CITY's failure to train is so closely related to the deprivation of PLAINTIFF'S rights as to be the moving force that caused the ultimate injury. Specifically, DEFENDANT CITY failed to train or ensure that Defendants remained compliant with DEFENDANT CITY training to not use excessive force and to not detain persons without reasonable suspicion or arrest persons without probable cause or needlessly escalate situations involving mentally-ill persons.

136.   By reason of the aforementioned acts and omissions, Plaintiff has suffered past and ongoing physical, mental and emotional pain and suffering.

137.   Accordingly, Defendant CITY is directly liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983. Plaintiff also seeks attorneys' fees pursuant to 42 U.S.C. § 1988 under this claim.

## NINTH CAUSE OF ACTION

## MUNICIPAL LIABILITY – UNCONSTITUTIONAL CUSTOM, PRACTICE OR POLICY (42 U.S.C. § 1983)

### (Against Defendant CITY nd DOES 1-10)

138.   Plaintiff repeats and re-allege each and every allegation in paragraphs 1 through 137 of this Complaint with the same force and effect as if fully set forth herein.

139.   DEFENDANT DOES 1-10, inclusive, acted under color of law with authority as law enforcement officers from Defendant CITY.

140.   The acts of DEFENDANT DOES 1-10, inclusive deprived PLAINTIFF of his particular rights under the United States Constitution and aforementioned statutes.

141.   Upon information and belief, DEFENDANT DOES 1-10 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

142.   Upon information and belief, DEFENDANT DOES 1-10 were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff's and PLAINTIFF's injuries.

143.   Upon information and belief, DEFENDANTS, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)    Using excessive force;

(b)    Providing inadequate training regarding the use of force, especially as it relates to de-escalating situations involving mentally-ill persons;

(c)    Employing and retaining as police officers individuals such as DEFENDANTS, who Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)    Inadequately supervising, training, controlling, assigning, and disciplining deputies, and other personnel, including DEFENDANTS, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers/deputies and DEFENDANT DOES 1-10;

(f)    Failing to adequately discipline CITY officers, including DEFENDANTS, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)    Announcing that unjustified uses of excessive force are "within

policy," including incidents that were later determined in court to be unconstitutional;

(h)    Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)    Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(j)    Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police excessive force incidents, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

144.    The aforementioned unconstitutional customs, practices, and polices, in addition to the ratification of the deficient customs, practices, and policies, are further evidenced by the number of prior shootings, which constituted excessive force, involving police officers working for the CITY OF LONG BEACH POLICE Department. (a) Moreover, on information and belief, this is not DEFENDANT

DOES 1-10's first complaint or lawsuit alleging excessive force.  Following these previous incidents, Defendant CITY failed to terminate DEFENDANTS, adequately discipline or retrain DEFENDANTS, or otherwise protect the public from DEFENDANTS. As a result of these actions and omissions, PLAINTIFF was injured and sustained mental, physical and emotional injuries.

145.   By reason of the aforementioned acts and omissions, PLAINTIFF suffered past, present and ongoing economic and non-economic damages including medical expenses, mental, physical and emotional damages, pain and suffering.

146.   DEFENDANT CITY and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF, and other individuals similarly situated.

147.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DEFENDANT acted with intentional, reckless, and callous disregard for PLAINTIFF'S constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 1-10 were affirmatively linked to and were a

significantly influential force behind the injuries of PLAINTIFF.

148.   On information and belief, there knowingly exists a secret group, society, fraternity, clique, and/or gang of police officers in the CITY OF LONG BEACH POLICE Department that encourages, condones, ratifies, and/or otherwise turns a blind eye to acts of violence and other police misconduct against citizens, especially citizens of color as demonstrated in the subject incident.

149.   On information and belief, DEFENDANT DOES 1-10, and each of them, are a member of a secret group, society, fraternity, clique, and/or gang of police officers in the CITY OF LONG BEACH POLICE Department that encourages, condones, ratifies, and/or otherwise turns a blind eye to acts of violence and other police misconduct against citizens, especially citizens of color as demonstrated in the subject incident.

150.   Accordingly, DEFENDANT CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

151.   Plaintiff also seek attorneys' fees under 42 U.S.C. § 1988 for this claim.

## TENTH CAUSE OF ACTION

### BATTERY AND ASSAULT BY A POLICE OFFICER

### (Against all Defendants)

152.   Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1-151 of this complaint, and by reference incorporates the same herein

and makes each a part hereof.

153.   At the aforementioned date, time and place, Defendants, and each of them, assaulted and battered PLAINTIFF and used unreasonable force as PLAINTIFF at no time was an imminent threat of death or serious bodily harm to any Defendant nor was committing any crime nor fleeing or resisting lawful arrest or detention for any crime.

154.   PLAINTIFF did not consent to Defendants' wrongful, harmful, and offensive touching, and neither was Defendants' touching privileged.

155.   By reason of the acts aforesaid, PLAINTIFF was placed in great fear for his safety and physical and emotional wellbeing.

156.   The aforementioned acts of DEFENDANTS, and each of them, were willful, malicious and oppressive, without legal justification or legal authority and thereby justify the awarding of punitive damages in a sum according to proof.

157.   Plaintiff is seeking survival damages and wrongful death damages, including but not limited to past and future economic and noneconomic damages. PLAINTIFF also seeks reasonably attorneys' fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

/ / /

/ / /

/ / /

/ / /

## ELEVENTH CAUSE OF ACTION

**NEGLIGENCE- NEGLIGENT ENTRUSTMENT, HIRING, SUPERVISION, AND/OR RETENTION (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43)**

**(Against The CITY, 7-ELEVEN, and DOES 1-10)**

158.   Plaintiff refers to and re-alleges each and every allegation contained in paragraphs 1-157 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

159.   On information and belief and sometime prior to this incident, Defendants CITY knew, or in the exercise of due care, should have known, that DEFENDANT DOES 1 through 10, and each of them, had a propensity, character trait, and practice, while purporting to act under color of law, for violence, dishonesty and prevarication, especially against persons of color and mentally ill persons.

160.   At all times mentioned herein, Defendant CITY knew, or in the exercise of due care, should have known that the afore described traits of character, practices and propensities of DEFENDANTS, and each of them, made them unfit to serve as peace officers and would cause harm and injury to members of the public, including persons in the custody of said Defendants.

161.   At all times mentioned herein, DEFENDANTS had a duty under the law to not unlawfully detain, unlawfully arrest, unlawfully search and/or use

excessive force under the United States Constitution, all State and Federal laws.

162.   Notwithstanding such knowledge, Defendants CITY negligently, carelessly and recklessly, employed, retained and failed to properly supervise, train and control DEFENDANTS, and each of them, inclusive, as peace officers and assigned said Defendants to duties which enabled each of them to make illegal arrests, fabricate probable cause and crimes, and use excessive force while purporting to act under the color of law.

163.   As a proximate result of the negligence and carelessness of Defendants, and each of them, PLAINTIFF suffered mental anguish, physical pain and suffering, emotional distress and financial losses, all to the Plaintiff's damage in a sum according to proof.

164.   Further, DEFENDANT CITY is responsible for the actions, inactions and damages caused by DEFENDANTS under *respondeat superior* including, but not limited to under California Govt. Code § 815.2, 820, and 825.

165.   Police officers and/or sheriff's deputies, including DEFENDANT DOES 1-10, have a duty to use reasonable care to prevent harm and injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving appropriate warnings, and not using any force unless necessary, using the least amount of force necessary, and only using deadly force as a last resort. These duties also include providing proper training and equipment to officers so that they may perform their duties in accordance with the department policies, properly

investigate use of force incidents, and punish, re-train, terminate, and/or prosecute violators of those policies and the law.

166.   The DEFENDANTS breached their duty of care to PLAINTIFF and every citizen by engaging in the conduct alleged herein. Upon information and belief, the actions and inactions of DEFENDANTS were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to use force against PLAINTIFF;

(b) the negligent tactics and handling of the situation with PLAINTIFF, especially as a mentally-ill person, including pre-force negligence;

(c) the negligent scope and manner of the seizure and use of force, against PLAINTIFF;

(d) the failure to properly train and supervise employees, both professional and non-professional, including DOES 1-10, inclusive;

(e) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs and protect the rights of PLAINTIFF, especially as a mentally-ill person;

(f) the negligent handling of evidence, witnesses, and the negligent investigation of the use of force against PLAINTIFF; and

(g) the failure to punish, re-train, terminate, and/or prosecute violators of Department policies and the law.

167.   As a direct and proximate result of DEFENDANTS' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF and PLAINTIFF were caused to suffer severe past and future mental and physical pain and suffering, loss of enjoyment of life, loss of income and lost earning capacity. PLAINTIFF was also caused to suffer substantial harm including but not limited to past and future pain and suffering. In other words, the DEFENDANTS' negligence was a substantial factor in causing PLAINTIFF's harm.

168.   At all relevant times, PLAINTIFF was not an immediate threat of death or serious bodily injury to anyone, including DEFENDANTS, no warning was given that force was going to be used prior to the use of force, and less than lethal alternatives were available to DEFENDANTS.

169.   Further, PLAINTIFF'S harm, specifically being shot by the DEFENDANTS when PLAINTIFF was unarmed, and was not a suspect in any crime, ordinarily would not have happened unless DEFENDANTS were negligent.

170.   The harm caused by DEFENDANTS was caused by something that only the DEFENDANTS controlled. The DEFENDANTS had control over their firearms, as well as had control over the tactical decisions made during the interaction.

171.   Upon information and belief, PLAINTIFF did not in any way cause or contribute to the events that harmed him. Finally, the DEFENDANTS were extremely reckless and negligent when they beat PLAINTIFF despite no basis in

law and fact to do so.

172.   DEFENDANTS' violation of the law as stated was a substantial factor in bringing about PLAINTIFF's harm.

173.   DEFENDANT CITY is vicariously liable for the wrongful acts of DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees' act would subject him or her to liability. PLAINTIFF also seeks attorneys' fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

## TWELFTH CAUSE OF ACTION

### VIOLATION OF THE BANE ACT (CAL. CIV. § 52. 1)

### (Against All Defendants)

174.   Plaintiff refers to and re-allege each and every allegation contained in paragraphs 1 through 173 of this complaint, and by this reference incorporates the same herein and makes each part hereof.

175.   On or about the above stated dates, and sometime prior thereto, DEFENDANTS and each of them violated PLAINTIFF'S civil rights guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California through the aforementioned conduct of beating PLAINTIFF, thereby providing a civil cause of action against defendants under California Civil Code Section 52.1.

176.   DEFENDANTS, while working as officers for the COUNTY, and acting within the course and scope of their official duties, interfered with or specifically intended and attempted to interfere with the rights of PLAINTIFF to be free from unreasonable searches and seizures and unreasonable excessive force by threatening or committing acts involving violence, coercion or intimidation.

177.   Indeed, even after knowing or having reason to know that PLAINTIFF's rights were violated, Defendants doubled down on the aforementioned acts involving violence, coercion or intimidation by continuing to use violence against PLAINTIFF and being deliberately indifferent to PLAINTIFF's medical needs.

178.   On information and belief, DEFENDANTS seized, searched, arrested, used force against and/or injured PLAINTIFF to prevent PLAINTIFF from exercising his rights or to retaliate against PLAINTIFF for having exercised his rights.

179.   As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damage in a sum according to proof, and is entitled to the general, special and exemplary damages, statutory damages, and attorneys' fees and costs provided by Civil Code section 52.1(h).

180.   DEFENDANT CITY is vicariously liable for the wrongful acts of DEFENDANTS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees

within the scope of the employment if the employee's act would subject him or her

to liability.

## THIRTEENTH CAUSE OF ACTION

## VIOLATION OF THE RALPH ACT (CAL. CIV. § 51. 7)

### (Against All Defendants)

181.   Plaintiff refers to and re-allege each and every allegation contained in

paragraphs 1 through 180 of this complaint, and by this reference incorporates the

same herein and makes each part hereof.

182.   On or about the above stated dates, and sometime prior thereto,

DEFENDANTS and each of them violated PLAINTIFF 's civil rights guaranteed

by the United States Constitution, federal law, the California Constitution and the

laws of the State of California thereby providing a civil cause of action against

defendants under California Civil Code Section 51.7.

183.   DEFENDANTS, while working as officers for the CITY, and acting

within the course and scope of their official duties, interfered with or attempted to

interfere with the rights of PLAINTIFF to be free from unreasonable searches and

seizures and unreasonable excessive force by threatening or committing acts

involving violence, coercion or intimidation.

184.   On information and belief, PLAINTIFF reasonably believed that if he

exercised her constitutional rights to be free from unreasonable seizures, arrests,

searches, and/or excessive force DEFENDANTS would commit acts involving

violence, threats, coercion or intimidation against his person.

185.   On information and belief, DEFENDANTS seized, searched, arrested, used force against and/or injured PLAINTIFF to prevent PLAINTIFF from exercising his rights or to retaliate against PLAINTIFF for having exercised his rights.

186.   Upon information and belief, a substantial and motivating reason for the DEFENDANTS use of excessive force, unlawful detention, search and arrest was due to their being emboldened to commit misconduct to misuse and abusing their authority or power by taking advantage of some weakness or disability or misfortune of the PLAINTIFF because of PLAINTIFF's age, race, national origin, clear and apparent vulnerability due to mental illness in reckless disregard of PLAINTIFF's rights, accompanied by ill will or spite, and was executed with unnecessary harshness or severity warranting punitive damages.

187.   As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damage in a sum according to proof, and is entitled to the general, special and exemplary damages, statutory damages, and attorney's fees and costs provided by Civil Code section 52.1(h).

188.   DEFENDANT CITY is vicariously liable for the wrongful acts of DEFENDANTS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her

to liability.

## FOURTEENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### (Against All Defendants)

189.   Plaintiff hereby restates and incorporates by reference paragraphs 1 through 188 as though set forth in full herein.

190.   The above acts and omissions of DEFENDANTS were done with knowledge that PLAINTIFF was particularly susceptible to mental and emotional distress by virtue of PLAINTIFF's age, race, size and vulnerability due to mental illness.

191.   DEFENDANTS were officers who were acting in the course and scope of their employment and on behalf of Defendant CITY with all requisite authority conferred upon them by Defendant CITY.

192.   DEFENDANTS knew or had reason to know that their aforementioned unprivileged acts and omissions would cause PLAINTIFF severe and ongoing mental and emotional distress. The above-mentioned acts were committed by DEFENDANTS were extreme and outrageous with willful intention and/or reckless disregard that PLAINTIFF or the probability that PLAINTIFF would suffer severe emotional and mental distress as a result knowing that PLAINTIFF was present when the conduct occurred.

193.   By virtue of DEFENDANTS' positions and employment, Defendants

COUNTY knew of or reasonably should have known of, authorized, adopted, approved and/or ratified DEFENDANTS' wrongful, unlawful and unconstitutional conduct before, during and/or after it occurred.  Plaintiff is informed and believes and thereon alleges that the aforementioned acts and omissions of DEFENDANTS was willful, malicious, intentional, oppressive, knowingly false and were done in willful and conscious disregard of PLAINTIFF's rights thereby justifying the award of punitive damages against DEFENDANTS and each of them.

194.   DEFENDANTS knew or should have known that severe emotional distress would result from their conduct; or DEFENDANTS gave little or no thought to the probable effects of their conduct.

195.   As police officers, Defendants abused a position of authority or arelationship that gave DEFENDANTS real or apparent power to affect PLAINTIFF's interests;

196.   As a direct and proximate result of the DEFENDANTS' actions, PLAINTIFF sustained severe mental and emotional distress, thereby justifying an award of compensatory, special and punitive damages in an amount to be proven at trial.

197.   DEFENDANTS aforementioned conduct as a substantial factor in causing PLAINTIFF's severe emotional distress.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffrequest entry of judgment in their favor and against

DEFENDANTS, inclusive, as follows and/or a jury trial:

A.      For compensatory and special damages in an amount to be proven at trial;

B.      For loss of wages and earning capacity;

C.      For punitive damages against the individual defendants in an amount to be proven at trial;

D.      For statutory damages;

E.      For interest;

F.      For reasonable attorneys' fees, including litigation expenses;

G.      For costs of suit;

H.      For mental, emotional, physical past, present and future pain and suffering and reasonable costs of medical care; and

I.      For such further other relief as the Court may deem just, proper, and appropriate.

Dated: October 12, 2020

**TONI JARAMILLA, APLC**

**IVIE McNEILL WYATT PURCELL & DIGGS, APLC**

By:     ***/s/ Toni J. Jaramilla***
        **TONI J. JARAMILLA**
        **RODNEY S. DIGGS**
        **ANTONIO K. KIZZIE**
        **YALDA PAYDAR**

        Attorneys for Plaintiff
        EUGENE MARTINDALE, III

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: October 12, 2020

**TONI JARAMILLA, APLC**

**IVIE McNEILL WYATT PURCELL & DIGGS, APLC**

By:   ***/s/ Toni J. Jaramilla***_____
**TONI J. JARAMILLA**
**RODNEY S. DIGGS**
**ANTONIO K. KIZZIE**
**YALDA PAYDAR**

Attorneys for Plaintiff
EUGENE MARTINDALE, III